**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-17-0000848**
**28-DEC-2018**
**07:54 AM**

NO. CAAP-17-0000848

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK,
AS SUCCESSOR TRUSTEE TO JPMORGAN CHASE BANK, N.A.,
AS TRUSTEE FOR THE HOLDERS OF SAMI II TRUST 2006-AR6,
MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-AR6
Plaintiff-Appellee,
v.
JAMES W. WEST; JO NYLA WEST,
Defendants-Appellants,
and
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.
("MERS"), SOLELY AS NOMINEE FOR COUNTRYWIDE BANK, N.A.,
Defendants-Appellees,
and
JOHN DOES 1-20; JANE DOES 1-20; DOE
CORPORATIONS 1-20; DOE ENTITIES 1-20; AND
DOE GOVERNMENTAL UNITS 1-20, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 12-1-0373)


SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Reifurth and Chan, JJ.)

This appeal arises out of a foreclosure action
initiated by Plaintiff-Appellee Bank of New York Mellon FKA The
Bank of New York, as Successor Trustee to JPMorgan Chase Bank,
N.A., as Trustee for the Holders of SAMI II Trust 2006-AR6,
Mortgage Pass-Through Certificates, Series 2006-AR6 (**BONYM**) to
foreclose on certain real property owned by Defendants-Appellants

James W. West and Jo Nyla West (**the Wests**). The Wests appeal from the Judgment filed on October 26, 2017, which was entered pursuant to the "Findings of Fact, Conclusions of Law and Order Granting Plaintiff's Motion for Summary Judgment for Foreclosure Against all Defendants and for Interlocutory Decree of Foreclosure" (**Order Granting Summary Judgment**), also filed October 26, 2017, in the Circuit Court of the Third Circuit (**circuit court**).[1]

On appeal, the Wests contend that the circuit court erred in granting summary judgment because it erroneously relied on the inadmissible hearsay testimony of Mary E. Schrumpf (**Schrumpf**) contained in two declarations in support of BONYM's motion for summary judgment and for interlocutory decree of foreclosure (**Motion for Summary Judgment**) in determining that BONYM had standing to prosecute the instant foreclosure action.

Upon careful review of the record and briefs submitted by the parties and having given due consideration to the arguments and issues they raise, as well as the relevant statutory and case law, we resolve the Wests' point of error as follows, and we vacate and remand.

The Hawai'i Supreme Court's decisions in Bank of America, N.A. v. Reyes-Toledo, 139 Hawai'i 361, 390 P.3d 1248 (2017), U.S. Bank, N.A. v. Mattos, 140 Hawai'i 26, 398 P.3d 615 (2017) and Wells Fargo Bank, N.A. v. Behrendt, 142 Hawai'i 37, 414 P.3d 89 (2018) are dispositive in this case. In Reyes-Toledo, the supreme court held that in order to establish a right to foreclose in a judicial foreclosure action, the foreclosing plaintiff must establish standing, or entitlement to enforce the subject note, at the time the action was commenced. 139 Hawai'i at 367-70, 390 P.3d at 1254-57.

As noted in Reyes-Toledo, a foreclosing plaintiff must typically "prove the existence of an agreement, the terms of the

---

[1] The Honorable Harry P. Freitas presided over proceedings relevant to this appeal.

agreement, a default by the mortgagor under the terms of the agreement, and giving of the cancellation notice." Id. at 367, 390 P.3d at 1254 (citing Bank of Honolulu, N.A. v. Anderson, 3 Haw. App. 545, 551, 654 P.2d 1370, 1375 (1982)). A foreclosing plaintiff also carries the burden to prove entitlement to enforce the note and mortgage, which as articulated by the supreme court, "overlaps with the requirements of standing in foreclosure actions as 'standing is concerned with whether the parties have the right to bring suit.'" Id. (brackets omitted)(quoting Mottl v. Miyahira, 95 Hawaiʻi 381, 388, 23 P.3d 716, 723 (2001)). Because "standing relates to the invocation of the court's jurisdiction, it is not surprising that standing must be present at the commencement of the case." Id. at 368, 390 P.3d at 1255. Accordingly, a foreclosing plaintiff must establish entitlement to enforce the note and standing to foreclose on the mortgaged property at the commencement of the suit. Id.

In the instant case BONYM was granted a decree of foreclosure via summary judgment ruling entered on October 26, 2017. BONYM filed its "Complaint for Mortgage Foreclosure" (**Complaint**) on June 21, 2012, alleging that "[p]laintiff qualifies as the Note holder with standing to prosecute the instant action as the Note is endorsed in blank, thereby converting the Note to a bearer instrument, and because Plaintiff is currently in rightful possession of the endorsed Note." Attached to the Complaint was, *inter alia*, a copy of the Adjustable Rate Note (**Note**). The Note indicates a promise to repay the lender and that the lender was Premium Capital Funding LLC D/B/A Topdot Mortgage, a New York Limited Liability Company (**Premium Capital Funding**). Also attached to the Complaint was a single page "Allonge to Note" (**Allonge**), which is specially endorsed by Premium Capital Funding to Countrywide Bank, N.A., and which also contains: a special indorsement stamp from Countrywide Bank, N.A. to Countrywide Home Loans, Inc.; and a second stamp with an indorsement in blank by Countrywide Home Loans, Inc.

3

Below and on appeal, BONYM has maintained that it was the holder of the blank-indorsed Note and Allonge at the time it filed the Complaint. In support of this contention, BONYM relies on the copy of the Note and Allonge attached to the Complaint, a "Declaration of Custodian of Records for TMLF Hawaii, LLLC" executed on August 3, 2017, and a "Supplemental Declaration of Custodian of Records for TMLF Hawaii, LLLC", executed on September 7, 2017, both signed by Schrumpf as custodian of records for TMLF Hawaii LLLC (**TMLF**). TMLF is BONYM's foreclosing counsel, and per the Schrumpf declarations, TMLF was authorized "to be in physical possession of the original Note on behalf of [BONYM] during the duration of this litigation." Attached to the supplemental declaration executed on September 7, 2017 as Exhibit "10" is a copy of the Note and the attached Allonge.

The Schrumpf declarations assert that "[i]t is part of TMLF Hawaii, LLLC's business practice to keep the original promissory notes on behalf of clients before filing of a Complaint, if the Complaint was filed by TMLF Hawaii LLLC." Schrumpf further attests that "[a]ccording to the records and files of TMLF Hawaii LLLC, on 05/10/2012, TMLF Hawaii LLLC was in possession of the original Adjustable Rate Note ("Note") dated 05/24/2006[,]" which "includes an 'Allonge to Note'." Thus, Schrumpf attests that BONYM was in possession of the Note and Allonge at the time the Complaint was filed.

However, under Mattos, 140 Hawai'i 26, 398 P.3d 615 and Behrendt, 142 Hawai'i 37, 414 P.3d 89, Schrumpf's declarations fail to satisfy the requirements for admitting the Note and Allonge under the Hawaii Rules of Evidence (**HRE**) Rule 803(b)(6)[2]

---

[2] HRE Rule 803(b)(6) provides:

> **Rule 803 Hearsay exceptions; availability of declarant immaterial.** The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
>
> . . .
>
> (b)    Other exceptions.

(continued...)

4

business records exception.  As discussed in <u>Behrendt</u>:

> [t]he court in <u>Mattos</u> held that a witness may be qualified to provide the testimony required by HRE Rule 803(b)(6) even if the witness is not employed by the business that created the document or lacks direct, personal knowledge of how the document was created. <u>Id.</u> "There is no requirement that the records have been prepared by the entity that has custody of them, as long as they were created in the regular course of some entity's business." <u>Id.</u> (quoting <u>State v. Fitzwater</u>, 122 Hawai'i 354, 366, 227 P.3d 520, 532 (2010)). <u>The witness, however, must have enough familiarity with the record-keeping system of the business that created the record to explain how the record was generated in the ordinary course of business</u>. <u>Id.</u>
>
> Records received from another business and incorporated into the receiving business' records may in some circumstances be regarded as "created" by the receiving business. <u>Id.</u> <u>Incorporated records are admissible under HRE Rule 803(b)(6) when a custodian or qualified witness testifies that the documents were incorporated and kept in the normal course of business, that the incorporating business typically relies upon the accuracy of the contents of the documents, and the circumstances otherwise indicate the trustworthiness of the document</u>. <u>See</u> <u>id.</u>; <u>Fitzwater</u>, 122 Hawai'i at 367-68, 227 P.3d at 533-34.

142 Hawai'i at 45-46, 414 P.3d at 97-98 (emphasis added).  The Schrumpf declaration executed on September 7, 2017, states in pertinent part:

> 1.  I am one of the custodian of records for <u>TMLF Hawaii, LLLC</u> and I am qualified to testify on the matters as stated below
>
> 2.  I make this Declaration based on my personal knowledge and I am competent to testify about the matters stated in this Declaration.
>
> 3.  <u>I have personal knowledge of the record keeping process of TMLF Hawaii, LLLC</u>, which the normal business practices of my office include, but are not limited to, the entries in

---

[2](...continued)

. . .

> (6)    Records of regularly conducted activity. A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made in the course of a regularly conducted activity, at or near the time of the acts, events, conditions, opinions, or diagnoses, as shown by the testimony of the custodian or other qualified witness, or by certification that complies with rule 902(11) or a statute permitting certification, unless the sources of information or other circumstances indicate lack of trustworthiness.

the business records are made at or near the time of the occurrence by the person with actual knowledge of the occurrence being recorded in the business record.

4. It is part of TMLF Hawaii, LLLC's business practice to keep the original promissory notes on behalf of clients before filing of a Complaint, if the Complaint was filed by TMLF Hawaii LLLC.

5. According to the records and files of TMLF Hawaii LLLC, on 05/10/2012, TMLF Hawaii LLLC was in possession of the original Adjustable Rate Note ("Note") dated 05/24/2006. The original Note is currently stored at TMLF Hawaii, LLLC's designated storage facility in a fire-proof safe. The scanned copy of the original Note is exactly the same copy of the original Note attached hereto as Exhibit "1" [sic], save for the redaction of personal information. The original Note that is kept in my business records includes an "Allonge to Note" as provided for in Exhibit "1" [sic].

6. Attached hereto as Exhibit "10" is a true and correct copy of the original Note and the attached Allonge to Note (with all personal information redacted) that was scanned into my business records, and is kept in the regular ordinary course of business, and was created by someone with personal knowledge of its creation. Based on the records and files of TMLF Hawaii, LLLC, I have confirmed that the attached Exhibit "10" was scanned into my business records on 05/10/2012.

7. According to my records and files, Plaintiff has authorized TMLF Hawaii LLLC to be in physical possession of the original Note during the duration of this litigation.

(Emphasis added).

Schrumpf does not assert in either declaration that she is familiar with the record-keeping system of the businesses that created the Note and Allonge, so that she can explain how the Note and Allonge were generated in the ordinary course of business. See Behrendt, 142 Hawai'i at 45, 414 P.3d at 97. Alternatively, Schrumpf fails to attest that TMLF typically relies on the accuracy of the contents of the documents, and circumstances that otherwise indicate trustworthiness of the documents. Id. Accordingly, because Schrumpf's declarations do not lay adequate foundation as to the Note and Allonge, the documents are not admissible to establish BONYM's standing to enforce the Note and Allonge at the commencement of the action. See Behrendt, 142 Hawai'i at 45-46, 414, P.3d at 97-98; Mattos, 140 Hawai'i at 33, 398 P.3d at 622; Reyes-Toledo, 139 Hawai'i at

370-71, 390 P.3d at 1257-58.

In sum, the record lacks admissible evidence that establishes BONYM's entitlement to enforce the Note and Allonge when this action was commenced. Viewing the evidence in the light most favorable to the Wests, as we must for purposes of a summary judgment ruling, we conclude that there is a genuine issue of material fact as to whether BONYM had standing to prosecute this foreclosure action when it was commenced. Accordingly, pursuant to Reyes-Toledo, Behrendt, and Mattos, the circuit court erred in granting BONYM's motion for summary judgment.

Therefore, IT IS HEREBY ORDERED that the Circuit Court of the Third Circuit's "Findings of Fact, Conclusions of Law and Order Granting Plaintiff's Motion for Summary Judgment for Foreclosure Against all Defendants and for Interlocutory Decree of Foreclosure", and Judgment, both entered on October 26, 2017, are vacated. This case is remanded to the circuit court for further proceedings.

DATED: Honolulu, Hawai'i, December 28, 2018.

On the briefs:

Gary Victor Dubin,
Frederick J. Arensmeyer,
for Defendants-Appellants.

Andrew J. Lautenbach,
Kukui Claydon,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge